UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
United States Magistrate Judge  Federal Square, Newark, NJ  07101
(973) 645-6596

April 28, 2008

Julie E. Von Bevern
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
33 Washington Avenue
Newark, New Jersey 07102-3017

James Holladay
1090 Lee Road 424
Salem, AL 36874

## LETTER OPINION

RE: The Prudential Insurance Company of America v. James Holladay, et al.
    Civil Action No. 07-5471 (FSH)

Dear Litigants:

This matter is before the Court by way of the plaintiff's motion for an order permitting the plaintiff to serve defendant Charles Osborn, Jr., by publication pursuant to Federal Rule of Civil Procedure 4(e)(1) and New Jersey Rule 4:4-4(b)(3) in a newspaper in this State.  For the reasons set forth below, plaintiff's motion is denied.

## BACKGROUND AND RELEVANT FACTS

The plaintiff issued a life insurance policy to Jimmie P. Osborn in the amount of $27,000. On or about May 30, 1987, Ms. Osborn completed a form in which she named her then husband, defendant Osborn, as primary beneficiary.  Ms. Osborn passed away on December 17, 2005.

1

Thereafter, on or about March 12, 2006, defendant James Holladay, the decedent's son, advised the plaintiff that his mother and defendant Osborn divorced in 1994 and that his mother changed the designation of her beneficiary to name defendant Holladay.  Because there are potentially two individuals who may make a claim against the policy and Prudential has no claim to or interest in the policy, on November 14, 2007, plaintiff filed a Complaint under Fed. R. Civ. P. 22, for an order to permit it to deposit the proceeds of the policy and accrued interest with the Court for distribution to the proper recipient.

Prudential served the Complaint upon defendant Holladay.  In his Answer, defendant Holladay advised that the decedent and defendant Osborn were divorced in 1994 and that his mother designated defendant Holladay as the beneficiary.

Prudential states that it has been unable to serve defendant Osborn.  According to the Affidavit of Julie E. Von Bevern, personal service was attempted at defendant Osborn's last known address at 14 Timber Avenue, Opelika, AL on February 6, 2008 and February 28, 2008, but it was unsuccessful.  Affidavit of Julie E. Von Bevern, dated April 8, 2008 ["Von Bevern Affidavit"], at ¶ 3; see also Certification of Julie E. Von Bevern ("Von Bevern Cert."), dated April 8, 2008, at ¶ 5.  The Von Bevern Affidavit also states that Prudential conducted two "background search[es]," but does not explain what was examined, and states it conducted a Postal Forwarding search, which revealed the Opelika address.  Von Bevern Affidavit. at ¶¶ 4-6. In addition, Prudential inquired of defendant Holladay to determine if he had any contact information for defendant Osborn but he had no information.  Letter of Julie E. Von Bevern, dated April 10, 2008, at 3.

Because its efforts at service have failed and this prevents proceeding with the resolution

2

of this interpleader matter, plaintiff filed this motion to permit it to serve defendant Osborn by publication in a newspaper in this State. In support of its motion, plaintiff submitted letters dated April 8, 2008 and April 10, 2008, in which it argues that it has made a diligent inquiry to obtain an address at which to serve defendant Osborn but has been unable to find a viable address. The plaintiff contends that the Affidavit of Ms. Von Bevern shows its efforts to serve defendant Osborn were unsuccessful and that its background searches yielded no new information concerning his whereabouts and that these efforts demonstrate a diligent inquiry and therefore the requirements for service by publication in a newspaper published or of general circulation in the county where venue lies or where the property is located have been met.

## **DISCUSSION**

Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part, that "serving an individual . . . may be served in a judicial district of the United States . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[1]  Fed. R. Civ. P. 4 (e)(1). Under New Jersey law, personal service is the primary method to serve an individual located within the state. N. J. R. 4:4-4 (a). Rule 4:4-4 (b), however, permits substituted service when personal service cannot be effectuated in accordance with Rule 4:4-4(a). Substituted service includes service by certified

---

[1]Although Fed. R. Civ. P. 4 (e)(1) permits service pursuant to the law of the state in which service is effected, the plaintiff has not asked the Court to consider service by publication in the state in which defendant Osborn last resided. The Court, however, has considered, Alabama Rules of Civil Procedure 4 and 4.3, which addresses service by publication. The Court is convinced that because Alabama law, like New Jersey law, requires that a party be unable to personally serve the defendant after exercising due diligence before service by publication can be permitted, Alabama R. Civ. P. 4.3, the analysis required for a request to grant service by publication under Alabama law is practically identical to the analysis under New Jersey law. Therefore, the Court will only address plaintiff's application under New Jersey law.

mail, return receipt requested or service as permitted by court order. See N.J.R. 4:4-4(b)(1) & (3). With respect to "personal service outside the state," Rule 4:4-4(b)(1) provides that substitute service upon the defendant may be effected if it appears

> by affidavit satisfying the requirements of [Rule] 4:4-5 (c)(2) that despite diligent effort and inquiry personal service [within New Jersey] cannot be made in accordance with [Rule 4:4-4 (a)]. . .

N.J.R. 4:4-4 (b)(1) & (b)(1)(A). Rule 4:4-5 (c)(2) states that:

> The inquiry required by this rule shall be made by the plaintiff, plaintiff's attorney actually entrusted with the conduct of the action, or by the agent of the attorney; it shall be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it. The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice

N.J.R. 4:4-5 (c)(2). There is no fixed standard for determining whether a party has exercised diligence. See Modan v. Modan, 327 N.J. Super. 44, 48-9 (A.D. 2000). Rather, the Court must conduct a fact sensitive inquiry to determine if diligence has been exercised. Id. The requesting party bears the burden to provide evidence sufficient to establish that diligence was indeed exercised. See id. at 49 (determining service by publication alone was improper because the plaintiff did not exercise due diligence in attempting to personally serve the defendant where he had received e-mails from the defendant and thus actual notice could have been effectuated through e-mail). If a diligent inquiry has been established and service cannot be made by any

4

other method, a Court may order an alternative method of substituted service as long as it is "consistent with due process of law." N.J.R. 4:4-4(b)(3);[2] see Jacobs v. Walt Disney World, Co., 309 N.J. Super. 443, 452 (A.D. 1998) (holding "New Jersey's long-arm statute permits service on nonresident defendants subject only to due process of law")(internal quotations omitted).

In this case, the plaintiff has specifically requested that the Court permit service by publication in a newspaper of general circulation in New Jersey.[3] Service by publication is generally disfavored because it is unlikely to actually put a potential defendant on notice. M & D Assoc. v. Mandara, 366 N.J. Super. 341, 353 (A.D. 2004) (citing Modan, 327 N.J. Super. at 48). Thus, an affidavit in support of an application for service by publication must survive careful scrutiny. See; Id. at 353. If a defendant is unknown or cannot be located, however, service by

---

[2]Rule 4:4-4 (b)(3) states:

> If service can be made by any of the modes provided by this rule, no court order shall be necessary. If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

N.J.R. 4:4-4(b)(3).

[3]Although New Jersey Rule 4:4-5 provides for alternative service by publication, its application is limited to service on absent defendants in in rem and quasi in rem actions. N.J.R. 4:4-5 (c); Griffith v. Mercury Marine Div. Of Brunswick Corp., Civ. No. 87-3982, at 4 (D.N.J. June 10, 1988) (unpublished Letter-Opinion and Order of Hon. Ronald Hedges, U.S.M.J.); Gluck v. The Montclair Bd. Of Ed., Civ. No. 87-4500, at 5 (D.N.J. May 19, 1988) (unpublished Report and Recommendation and Order of Hon. Ronald Hedges, U.S.M.J.). Rule 4:4-5 (c) permits service "by publication of a notice in a newspaper published or of general circulation in the county in which the venue is laid" "whenever, in action affecting property, or any interest therein, or any res within the jurisdiction of the court . . . wherein it shall appear by affidavit of the plaintiff's attorney or other person having knowledge of the facts, that a defendant cannot, after diligent inquiry be served within the state." Even assuming service by publication pursuant to Rule 4:4-5 was applicable here, such service would only be permitted upon a showing of diligence pursuant to Rule 4:4-5 (c)(2).

publication is a reasonable substitute "where it is not reasonably possible or practicable to give more adequate warning." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950). Therefore, court-ordered service by publication is appropriate only after the plaintiff has demonstrated by affidavit that all of the statutory modes of service have been diligently exhausted without successful service and that all reasonable efforts to locate the defendant have failed. If a diligent inquiry has occurred and no address has been identified and a Court permits service by publication, then the plaintiff is still required to send a summons to the defendant's residence or place he regularly receives mail because of the limitations of service by publication. See N.J.R. 4:4-5(c).

     Here, the plaintiff has submitted an affidavit, which generally describes the inquiries the plaintiff made to determine the defendant's whereabouts and the reports of the process server. The affidavit identifies the location at which the defendant previously resided and that personal service was attempted at that location on two occasions. There is no indication as to whether or not there were interviews of any persons at the location to determine if he continues to reside there or if they have knowledge of his current whereabouts.

     The plaintiff also states that it conducted two "background searches" as well as a Postal Forwarding search. The plaintiff's general assertion that it conducted "background searches," however, does not describe the steps taken to obtain the defendant's current address. For instance, the plaintiff does not indicate whether or not it reviewed publicly available data bases, tax records, voting rolls, criminal history records, credit records, telephone directories, divorce records, or death records or conducted internet inquiries. See M&D Associates, 366 N.J. Super at 353-55 (stating inquiry that included search of tax rolls, voting records, and telephone

directions was insufficient and suggesting additional efforts such as, database research and certifications from custodians of voting and driving records).  While this is not an exhaustive list of the steps the plaintiff might have taken to determine the defendant's current address, nor would the completion of each necessarily equate to diligence, these avenues of inquiry may reveal his whereabouts or identify individuals who may know his whereabouts.  Because there is nothing before the Court to show that these sources have been probed, the Court cannot find that the plaintiff diligently took steps to locate the defendant to allow them to obtain permission to serve him via an alternate means.[4]

Accordingly, because the affidavit does not sufficiently describe the steps the plaintiff took to determine the defendant's current address nor is there a showing that it exhausted the other modes of service set forth in the Rules, the plaintiff has failed to produce sufficient evidence to show it diligently attempted to serve the defendant pursuant to Rule 4:4-4 (b)(1)(A).  As such, the Court cannot find that no mode of service exists under Rule 4:4-4 by which the plaintiff could serve the defendant. See N.J.R. 4:4-4 (b)(3).  Therefore, the Court will not permit service by publication.

Moreover, the Court is concerned that even if the plaintiff had been unsuccessful in all of its diligent attempts to locate the defendant in Alabama, service by publication in a newspaper in New Jersey would not guarantee that he is likely to receive notice and thus would not comport

---

[4]Compare Griffith, supra note 3 (holding due diligence was exercised where plaintiff contacted both the Post Office and county prosecutor's office numerous times to determine the defendant's address and attempted to personally serve defendant at multiple addresses at many different times), with Gluck, supra note 3 (determining that the plaintiffs did not conduct a diligent inquiry where once the plaintiff was unable to serve the defendant at his last known address, the plaintiff failed to take additional steps to locate the defendant, including questioning his family members).

7

with due process and "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Blakely v. Continental Airlines, 164 N.J. 38, 66 (2000). Even assuming the defendant no longer lives in Opelika, Alabama, the plaintiff has produced no evidence to show that defendant Osborn ever resided or worked in New Jersey and thus, has provided no reason to believe that he would receive notice in a New Jersey paper.  Therefore, because the Court lacks any evidence that defendant Osborn has or had any contact with this State, and mindful that service by publication is disfavored because of its flaws in providing individuals with sufficient notice, M & D Assoc., 366 N.J. Super. at 353, the Court concludes that service of the defendant by publication in a New Jersey newspaper would not comport with due process.

## CONCLUSION

For the above reasons, the plaintiff's motion for an order permitting substituted service upon defendant Osborn by publication of a notice in a newspaper of general circulation in New Jersey only is denied.

**SO ORDERED.**

s/ Patty Shwartz
United States Magistrate Judge